IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARTLEY S. BACKUS,

      Plaintiff,                      No. 2:12-cv-0046 MCE GGH PS

   vs.

PLACER COUNTY, et al.,

                                  ORDER AND
      Defendants.               FINDINGS AND RECOMMENDATIONS
_____/

       This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's motions to arrest various individuals, filed May 22, 2012, and defendants' motion to dismiss and to strike the first amended complaint, filed April 5, 2012. Plaintiff filed an untimely opposition to the motion on May 1, 2012.[1] E.D. Local Rule 230(c). Having reviewed the papers in support of the motions and the court's record in this matter, the court now issues the following order and findings and recommendations.

\\\\\

---

[1] The motion to dismiss was noticed for hearing on May 10, 2012. The court vacated the matter and took it under submission on April 25, 2012.

1

BACKGROUND

On January 9, 2012, plaintiff filed a purported class action complaint against Placer County, Placer County Sheriff Edward Bonner, Placer County Sheriff's Department, and Placer County Sheriff Deputies does 1 through 50, alleging in part that defendant Placer County Sheriff's Department failed to investigate and recommend for prosecution crimes committed by Dave Lawicka, as reported by plaintiff.  As a result, the complaint alleged that plaintiff was arrested for violating a restraining order and for contempt on March 21, 2006.  (Compl. at 1-2.) While incarcerated at Placer County Jail, plaintiff claims he was assaulted by a "RF wave" while he slept, injuring his back.  The complaint further alleged:

> The premeditated, planned, purchase, installation and use of sound, RF wave, microwave and laser assault systems of invisible warfare officially designated security systems in Placer County Jails, Supervisor Chambers, Courthouses, Sheriff building, District Attorney and Probation building are illegal.  Also Electronic Monitoring by the use of cyber computer programs which use the cell phone system like radar to locate, stalk and assault selected individuals anywhere they are in the county with crippling or deadly signals that alter automatic body fu[n]ctions is a violation of state and federal laws.

(Id. at 2.)  In a screening order issued March 5, 2012, the court found the allegations to be so bizarre and delusional that they were wholly insubstantial and could not invoke this court's subject matter jurisdiction.  Nevertheless, the undersigned granted plaintiff leave to amend. Before plaintiff filed his amended complaint, defendants filed a motion to dismiss, which was renewed after the amended complaint was filed.

The amended complaint appears to be somewhere between 4 and 55 pages, and with attachments totals 954 pages.  It alleges that plaintiff was falsely arrested, falsely prosecuted, falsely imprisoned, falsely declared incompetent to stand trial, tortured, and poisoned with nicotine in his food, all at Placer County Jail.  (FAC at 1.)   Plaintiff further alleges that he was "used as a test subject for microwave exposure for over 10 years, authorized by Placer County Planning, Building and Environmental Health."  (Id. at 2.)   He claims he has "been used

as a test subject for the last ten years in and out of Placer County Jail." He separately claims that when he was summoned for jury duty, he was assaulted by "pulsating signals in the Maple Street Court." Plaintiff asked the judge for the names of the other jurors because they were also assaulted, but the judge refused. (Id. at 3.) In regard to the undersigned's assessment that the allegations in the original complaint were bizarre and delusional, plaintiff responds in the FAC that microwave beams in phone relay towers *are* deadly. (Id.) Plaintiff alleges that these beams, deadly radio waives, and other weapons of invisible warfare demonstrate a conspiracy against him by David Lawicka and others. (Id. at 3-4.)

The current motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted, and that any plausible claims are barred by the statute of limitations. Additionally, defendants move to strike the attachments to the FAC pursuant to Fed. R. Civ. P. 12(f). Plaintiff's opposition was untimely filed and therefore will not be considered. E. D. Local Rule 230(c) ("no party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party").[2]

DISCUSSION

   I. Dismissal for Lack of Jurisdiction

Upon review of the motion and the amended complaint, the undersigned determines that there is no federal subject matter jurisdiction, and recommends that the action be dismissed on that basis. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

---

[2] Even if the opposition were to be considered, it is nonsensical and does not address the points raised in the motion to dismiss.

1    "The presumption is that a federal court lacks jurisdiction in a particular case until
2 it has been demonstrated that jurisdiction over the subject matter exists." 13 Charles A. Wright,
3 Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984).
4 Plaintiff bears the burden of proof for establishing jurisdiction. See, e.g., Sopcak v. Northern
5 Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.
6 & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979). Unless a complaint presents a plausible
7 assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v.
8 Hood, 327 U.S. 678, 682 (1945). A federal claim which is so insubstantial as to be patently
9 without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S.
10 528, 536-38 (1974); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir.1999) ("a district court may, at
11 any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule
12 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally
13 implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to
14 discussion.")

15    A less stringent examination is afforded pro se pleadings, Haines v. Kerner, 404
16 U.S. 519, 520 (1972), but simple reference to federal law does not create subject matter
17 jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir. 1995). Subject matter
18 jurisdiction is created only by pleading a cause of action that is within the court's original
19 jurisdiction. Id.

20    Here, plaintiff's mostly incomprehensible 954 page complaint, as described
21 above, presents no plausible basis for federal subject matter jurisdiction.

22    On their face, plaintiff's allegations are so bizarre and delusional that they are
23 wholly insubstantial and cannot invoke this court's subject matter jurisdiction. See O'Brien v.
24 U.S. Department of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995); Best v. Kelly, 39 F.3d 328,
25 330-31 (D.C. Cir. 1994) (dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1)
26 warranted when claims are "clearly fanciful" and "so attenuated and unsubstantial as to be

absolutely devoid of merit"); see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (holding that under the substantiality doctrine, the district court lacks subject matter jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy").  Even though plaintiff's complaint makes reference to the Fifth and Sixth Amendments and claims violations of his equal protection and due process rights, plaintiff's fanciful and implausible allegations fail to state in a comprehensible manner how any federal rights were violated.

This court has already permitted amendment to no avail.  Plaintiffs' delusional allegations in the original and amended complaint compel the conclusion that further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).  Accordingly, this action should be dismissed for lack of subject matter jurisdiction without leave to amend.  As the court has no jurisdiction, it declines to reach defendants' grounds for dismissal.

II. Plaintiff's Outstanding Motions

Because this court recommends dismissal for lack of subject matter jurisdiction, it will not reach plaintiff's outstanding motions to arrest various individuals, filed May 22, 2012. (Dkt. nos. 19, 20.)

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to arrest David Lawicka, filed May 22, 2012, (dkt. no. 19), is denied; and

2. Plaintiff's motion to arrest and prosecute domestic terrorists, filed May 22, 2012, (dkt. no. 20), is denied.

For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice for lack of subject matter jurisdiction;

2. Defendants' motion to dismiss and to strike, filed April 5, 2012, (dkt no. 8) be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2012

                  /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076
Backus0046.fr.wpd